NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
PHILADELPHIA RESERVE           :
SUPPLY CO.,                    :
                               :
        Plaintiff,        :   Civil Action No. 90-770 (JAP)
   v.                          :
                               :   **OPINION**
JOSEPH ZARELLI, MARGARET       :
ZARELLI, JOSEPH ESPOSITO, KARE :
ESPOSITO, IRWIN SCHROB,        :
BARBARA SCHROB, et al.         :
                               :
        Defendants.       :
_____:

PISANO, District Judge:

    Presently before the Court is plaintiff Philadelphia Reserve Supply Co.'s ("Philadelphia Reserve") motion to revive a judgment against defendants Irwin and Barbara Schrob. Docket Entry No. 1. For the reasons set forth below, Philadelphia Reserve's motion is denied.

  I.  Background

    Philadelphia Reserve entered a judgment by confession against Irwin and Barbara Schrob, among others, in the amount of $397,491.74 in the Eastern District of Pennsylvania on September 4, 1990. Certification of Andrew Selkow ("Selkow Certification"), Exhibit A. On October 19, 1990, Philadelphia Reserve obtained a Certification of Judgment for Registration in Another District. *Id.* The judgment was docketed in the District of New Jersey on or about October 29, 1990. *Id.* at Exhibit B. A Writ of Execution was issued by the United States District Court for the District of New Jersey on May 9, 1995. Declaration of Robert P. Zoller ("Zoller Declaration"), Exhibit C. To date, payments totaling $19, 200.00 have been made in partial satisfaction of the judgment. Selkow Certification at ¶ 6. Philadelphia Reserve now seeks to

1

revive the judgment against defendants Irwin and Barbara Schrob only, as the other defendants have filed bankruptcy petitions. *Id.* at ¶ 4. The Schrobs oppose Philadelphia Reserve's motion to revive the judgment, arguing that Pennsylvania law does not permit a judgment on personal property to be revived and limits execution against personal property to 20 years from entry of the judgment.

II. Discussion

New Jersey law allows a judgment obtained in another state to be revived within 20 years after the judgment was obtained, or "within the period in which a like action might be brought thereon in that state . . ., whichever period is shorter." N.J.S.A. 2A:14-5. Thus, this Court must look to Pennsylvania law to determine if the judgment against Irwin and Barbara Schrob may be revived.

The Pennsylvania Consolidated Statutes provide that an action to revive a judgment lien on real property must be commenced within five years. 42 Pa. C.S. § 5526. Additionally, the Supreme Court of Pennsylvania has held that a judgment lien on real property may be revived after the five-year statutory period provided in 42 Pa. C.S. § 5526 has expired; however, the priority of a judgment lien revived after expiration of the statutory period is lost against any intervening liens. *Shearer v. Naftzinger*, 747 A.2d 859, 860, n. 1 (Pa. 2000). There is no statutory provision which expressly allows a creditor to revive a judgment against personal property.

Pennsylvania law also provides that "[a]n execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued." 42 Pa. C.S. § 5529(a). The Schrobs argue that this provision bars the relief sought by Philadelphia Reserve in the instant motion. The Supreme Court of Pennsylvania has held that

the 20 year statute of limitations on executing a judgment on personal property is not a defense to a proceeding to revive a judgment lien. *Shearer*, *supra*, 747 A.2d at 861. The *Shearer* Court reasoned that the plain language of 42 Pa. C.S. § 5529(a) only pertains to execution against personal property, and prevents a judgment creditor from executing on a debtor's personal property to satisfy a judgment more than 20 years after the judgment was entered. *Id.* at 860. In contrast, a judgment lien "merely 'prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, [and] also prevents later lienholders from satisfying their debt without first paying the earlier lien.'" *Id.* at 861 (quoting *Mid-State Bank and Trust Co. v. Globalnet Int'l Inc.*, 710 A.2d 1187, 1192 (Pa. Super. 1998)). In short, "a writ of revival of a judgment lien does nothing more than preserve the judgment creditor's existing rights and priorities." *Id.* Whether a creditor may execute against a debtor's personal property is not relevant to whether the creditor may revive a judgment lien. *Id.* at 862 (Zappala, J. concurring).

A money judgment is not the same as a judgment lien against real property, however. *See id.* at 861 (Zappala, J. concurring). 42 Pa. C.S. § 4303(a) dictates when a money judgment acts as a judgment lien against real property. The statute provides:

> Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

> 42 Pa. C.S. §4303(a).

Here, there is no evidence that Philadelphia Reserve has recorded the judgment it now seeks to revive in accordance with 42 Pa. C.S. § 4303(a). Therefore, this Court concludes that

Philadelphia Reserve does not possess a judgment lien that can be revived pursuant to 42 Pa. C.S. § 5526.  Accordingly, the instant motion is denied.

III.     Conclusion

For the reasons set forth above, Plaintiff's motion to revive the judgment against Irwin and Barbara Schrob is denied.  An appropriate Order accompanies this Opinion.


          /s/ JOEL A. PISANO
          United States District Judge

Dated: June 25, 2010